Michael J. McCue
Nevada Bar No. 6055
Jonathan W. Fountain
Nevada Bar No. 10351
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8224
E-mail: mmccue@lrrc.com
E-mail: jfountain@lrrc.com

Christopher J. Renk
Will comply with LR IA 11-2 within 45 days
Erik S. Maurer
Will comply with LR IA 11-2 within 45 days
Michael J. Harris
Will comply with LR IA 11-2 within 45 days
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
E-mail: crenk@bannerwitcoff.com
E-mail: emaurer@bannerwitcoff.com
E-mail: mharris@bannerwitcoff.com

*Attorneys for Plaintiff, NIKE, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NIKE, INC.,            ) | |
|       Plaintiff,     ) | Case No. 2:17-cv-00516 |
| v.                ) | |
| FUJIAN JIALAIMENG SHOES CO., LTD.  ) | **COMPLAINT** |
|       and       ) | **(JURY DEMAND)** |
| DAEAST-ASIA (FUJIAN) SPORTS  ) PRODUCTION CO., LTD.,    ) | |
|       Defendants.    ) | |

Plaintiff, NIKE, Inc., for its Complaint against Defendants, Fujian Jialaimeng Shoes Co., Ltd. and Daeast-Asia (Fujian) Sports Production Co., Ltd., states as follows:

## I.   JURISDICTION & VENUE

1.       This is an action for patent and trademark infringement arising under 35 U.S.C. §

1, *et seq.* and 15 U.S.C. § 1051, *et seq.*  This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent and trademark laws of the United States.  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C § 1367.

2.      On information and belief, this Court may exercise personal jurisdiction over the Defendants based upon the Defendants' contacts with this forum, including Defendants' regularly and intentionally doing business here and having committed acts of infringement within this forum by promoting, distributing, offering to sell, and selling products covered by NIKE's design patents and trademarks at and through participation in the twice-annual WSA@Magic trade show ("WSA") in Las Vegas, Nevada.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, because Defendants do business, have committed acts of infringement, and are subject to personal jurisdiction in this district.

## II.  PARTIES

4.      NIKE, Inc. ("NIKE") is a corporation organized under the laws of the State of Oregon and has a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.  NIKE is the world's leading designer, marketer, and distributor of athletic footwear.

5.      On information and belief, Defendants Fujian Jialaimeng Shoes Co., Ltd. and Daeast-Asia (Fujian) Sports Production Co., Ltd. are related Chinese footwear manufacturing companies sharing places of business at: (A) No. 184 Xiadai, Yangdai, Chendai, Jinjiang, Quanzhou, Fujian 362211, China; (B) No. 24-28 Zhongua Road, Yangdai, Jinjiang, Fujian, China; and (C) No. 1 Touban Zhongguang Road, Chen Daiyangdai, Jinjiang, Fujian 362200, China.  On further information and belief, Defendants have and are doing business under the following additional names:  (D) Fujian Jinjiang Jialaimeng Shoes Co., Ltd.; (E) Jialaimeng Shoes Plastic Co. Ltd.; (F) Jialaimeng Shoes Factory Co., Ltd.; (G) Jinjiang Jialaimeng Shoes Co., Ltd.; (H) Jialaimeng Group Co., Ltd.; (I) Jinjiang Jialaimeng Shoes Plastic Co., Ltd.; (J) Jialaimeng International; (K) Fujian Jialaimeng Shoes Co., Ltd.; (L) Wanlee International Co., Ltd.; and (M) Jinjiang Tepao Trading Co., Ltd.  On further information and belief, Defendants,

1  under one or more of the foregoing aliases, have promoted products under at least the brand

2  marks "JIALAIMENG," "TEPOR," and "WANLEE."  Collectively, hereafter, Defendants are

3  referred to as "Jialaimeng."

### III.  GENERAL ALLEGATIONS

**A.    NIKE's Design Patents**

6       6.      For many years, NIKE has developed, manufactured, marketed, and sold a wide

7  array of athletic and fashion footwear, apparel, and sports equipment.

8       7.      NIKE has taken steps to protect its innovations and owns various United States

9  patents relating to its footwear designs.  Relevant to this dispute, NIKE owns all right, title, and

10  interest in, and has the right to sue and recover for past, present, and future infringement of, each

11  of the United States design patents identified in Table 1 (collectively hereafter, the "NIKE

12  Design Patents") from the date each patent duly and legally issued to NIKE.  A copy of each

13  NIKE Design Patent is attached to this Complaint as indicated in Table 1.

| TABLE 1: NIKE DESIGN PATENTS | | |
|---|---|---|
| **United States Design Patent No.** | **Issue Date of Patent** | **Complaint Exhibit** |
| D511,884 | November 29, 2005 | A |
| D659,967 | May 22, 2012 | B |
| D666,404 | September 4, 2012 | C |
| D666,405 | September 4, 2012 | D |
| D666,406 | September 4, 2012 | E |
| D668,035 | October 2, 2012 | F |
| D673,765 | January 8, 2013 | G |
| D683,119 | May 28, 2013 | H |
| D694,499 | December 3, 2013 | I |
| D696,849 | January 7, 2014 | J |

| TABLE 1: NIKE DESIGN PATENTS | | |
|---|---|---|
| United States Design Patent No. | Issue Date of Patent | Complaint Exhibit |
| D701,689 | April 1, 2014 | K |
| D710,579 | August 12, 2014 | L |
| D711,081 | August 19, 2014 | M |
| D713,627 | September 23, 2014 | N |
| D721,474 | January 27, 2015 | O |
| D723,772 | March 10, 2015 | P |
| D725,356 | March 31, 2015 | Q |
| D746,037 | December 29, 2015 | R |

8.     The NIKE Design Patents are presumed to be valid.

**B.     NIKE's Asserted Trademarks**

9.     As a result of continuous and long-standing promotion, substantial sales, and consumer recognition, NIKE has developed powerful trademark rights that others want to copy.

10.     In particular, through substantial and long-standing use, the name "NIKE" and ("Swoosh Design") have become famous trademarks that are among NIKE's most valuable assets.  Today, "NIKE" and the Swoosh Design are two of the most famous, recognizable, and valuable trademarks in the world.  NIKE has continuously promoted and sold shoes and apparel bearing the NIKE and Swoosh Design marks since 1971, including in connection with dozens of iconic shoes designs and innovative footwear technologies over the years.  NIKE has also promoted and sold shoes and apparel bearing the Swoosh Design in various orientations and placements on the shoes and apparel.

11.     In addition, NIKE has used the words "NIKE FREE" and "NIKEFREE" in connection with footwear at least as early as 2004.  As a result of NIKE's promotion and continuous use of its "FREE" marks, and because consumers associate these marks with high-

quality NIKE footwear, "NIKE FREE" and "NIKEFREE" are valuable trademarks connected with NIKE.

12.     To that end, NIKE owns common law and registered trademark rights in the marks identified in Table 2 (hereafter, the "NIKE Trademarks").  The United States Patent and Trademark Office has examined applications to register these marks and has registered these marks on the Principal Register in connection with a wide array of goods and services.  NIKE owns all right, title, and interest in the registrations identified in Table 2.  A copy of the registration certificates for each of the NIKE Trademarks is attached to this Complaint as indicated in Table 2.

| Table 2: NIKE TRADEMARKS | | | |
|---|---|---|---|
| **United States Trademark Reg. No.** | **Trademark** | **Trademark Registration Date** | **Complaint Exhibit** |
| 977,190 |  | January 22, 1974 | S |
| 1,214,930 | NIKE | November 2, 1982 | T |
| 1,323,342 |  | March 5, 1985 | U |
| 1,323,343 |  | March 5, 1985 | V |
| 3,087,455 | NIKEFREE | May 2, 2006 | W |
| 3,192,901 | NIKE FREE | January 2, 2007 | X |

13.     The NIKE Trademarks are presumed valid and are incontestable pursuant to 10 U.S.C § 1065.

**C.     Jialaimeng's Infringing Activities**

14.     Without NIKE's authorization, Jialaimeng has made, used, offered to sell, promoted, distributed, sold, and/or imported into the United States shoes bearing designs that have the same or a substantially similar overall visual impression as the designs covered by the NIKE Design Patents (hereafter, the "Infringing Shoes").

15.     Without NIKE's authorization, Jialaimeng imports, promotes, distributes, offers

to sell, and sells, shoes bearing marks that are confusingly similar to and dilutive of NIKE

trademarks.  Moreover, on information and belief, Jialaimeng intentionally uses infringing marks

on Infringing Shoes bearing the same or substantially similar overall visual appearances as NIKE

shoes, to create associations with NIKE.

16.   On information and belief, Jialaimeng imports Infringing Shoes into the United

States, and promotes, distributes, offers to sell, and sells the Infringing Shoes at least twice

yearly at the WSA@Magic trade show ("WSA") in Las Vegas, Nevada.  According to the

WSA's website, the WSA trade show, held in February and August of each year, "offer[s] the

largest selection of fast fashion footwear anywhere in the world," and has "a global base of

product and buyers from over 100 countries."  (Compl. Ex. Y,

http://www.ubmfashion.com/shows/wsamagic, last visited February 16, 2017).

17.   According to Jialaimeng's website, Jialaimeng produces around 6 million pairs of

shoes per year, earning annual revenues between $50-100 million U.S., with sales to North

America generating 50% of these proceeds.  (Compl. Ex. Z,

https://jialaimengshoes.en.alibaba.com/company_profile.html, last visited February 20, 2017).

18.   On information and belief, with the exception of its temporary presence in Las

Vegas during the WSA trade shows, Jialaimeng does not have any known business operations or

assets in the United States.

19.   NIKE's representatives visited the WSA trade show in Las Vegas from August

15-17, 2016 and observed Jialaimeng promoting and offering to sell Infringing Shoes.  Pursuant

to 35 U.S.C. § 287 and 15 U.S.C. § 1111, NIKE notified Jialaimeng that it is infringing NIKE's

rights by promoting and offering to sell Infringing Shoes, and shoes bearing NIKE trademarks.

20.   On October 28, 2016, NIKE sent a notice letter to Jialaimeng in China.  The

letter, attached as Complaint Exhibit AA, gave Jialaimeng notice under 35 U.S.C. § 287 and 15

U.S.C. § 1111 that various shoes Jialaimeng promoted, offered to sell, and was selling at the

WSA trade show, including model number 605193 and additional models lacking identifying

indicia, infringe one or more of NIKE's U.S. Pat Nos. D694,499; D701,689; and D713,627

and/or one or more of NIKE's Trademarks "NIKE," "NIKE FREE," and "NIKEFREE."

21.     NIKE's notice letter was delivered to Jialaimeng in China on November 7, 2016. (Compl. Ex. BB, UPS Delivery Confirmation).  Jialaimeng never responded.

22.     At the WSA show on February 21, 2017, Jialaimeng offered for sale numerous footwear products bearing designs that are substantially the same as, if not identical copies of, the designs covered by NIKE Design Patents, and/or that infringe the NIKE Trademarks, including at least Jialaimeng model numbers 60592, 605126, 605184, 605244, 605272, and 605397.

23.     Jialaimeng displayed Infringing Shoes on the shelves of its booth at the February 2017 WSA show, as seen in the below image of Jialaimeng's booth.



24.     Jialaimeng also had the shoes pictured below, which include Infringing Shoes, hidden in a cabinet in its booth at the February 2017 WSA show.



25.     Jialaimeng also promotes, distributes, offers to sell, and sells the Infringing Shoes to U.S. and global customers through its website https://jialaimengshoes.en.alibaba.com, which reaches into the United States and into this judicial district.  Captures of the Jialaimeng website are attached as Compl. Exs. CC-JJ.

26.     Specific examples of Infringing Shoes are compared to NIKE Patents and NIKE Trademarks in Table 3 below.  However, because Jialaimeng does not provide identifying indicia on all of its Infringing Shoes, and because NIKE has not been able to secure an image of each Infringing Shoe, Table 3 does not set forth all of Jialaimeng's Infringing Shoes.

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
| <br><br>D511,884<br>*See* Compl. Ex. A | <br>Fashion lace-up PU upper men basketball custom sports shoes<br>Min. Order: 500 Pairs /color/size range,300...<br>FOB Price: US $ 8.5 - 11.5 / Pair |
| <br>D659,967<br>*See* Compl. Ex. B | <br><br>Model Nos. 605244 & 605272 |
| <br>D666,404<br>*See* Compl. Ex. C | <br><br>Model No. 605126 |

9

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
| <br><br>D666,405<br>*See* Compl. Ex. D | <br>Latest design stretch fabric heighten soft sole custom sport running s...<br>Min. Order: 500 Pairs /color/size range<br>FOB Price: US $ 6 - 10 / Pair<br><br><br>Model No. 605184 |

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
|  D666,406 *See* Compl. Ex. E |  Latest design stretch fabric heighten soft sole custom sport running s... Min. Order: 500 Pairs /color/size range FOB Price: US $ 6 - 10 / Pair  Model No. 605184  Model No. 314354 |
|  D668,035 *See* Compl. Ex. F |  Model No. 314354 |

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
| <br>D673,765<br>*See* Compl. Ex. G | <br>Latest design stretch fabric heighten soft sole custom sport running s...<br>Min. Order: 500 Pairs /color/size range<br>FOB Price: US $ 6 - 10 / Pair |
| <br>D683,119<br>See Compl. Ex. H | <br>Model No. 60592 |
| <br>D694,499<br>*See* Compl. Ex. I | <br>Model No. 605193 |

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
| <br><br>D696,849<br>*See* Compl. Ex. J | <br>Low price breathable oem knitting sport cheap running shoes men<br>Min. Order: 500 Pairs /color/size range<br>FOB Price: US $ 6 - 10 / Pair |
| <br><br>D701,689<br>*See* Compl. Ex. K | <br>Model No. 605193 |

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
|  D710,579 *See* Compl. Ex. L |  Most popular casual fashion knitting china brand sport shoes men  Min. Order: 1200 Pairs /color/size range  FOB Price: US $ 6 - 10 / Pair |
|  D711,081 *See* Compl. Ex. M |  Model No. 60592 |
|  D713,627 *See* Compl. Ex. N |  Model No. 605193 |

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
| <br>D721,474<br>*See* Compl. Ex. O | <br>Super hot design lightweight knitting oem trail running shoes<br>Min. Order: 1200 Pairs /color/size range<br>FOB Price: US $ 6 - 10 / Pair |
| <br>D723,772<br>*See* Compl. Ex. P | <br>Model Nos. 605244; 605272 |
| <br>D725,356<br>*See* Compl. Ex. Q | <br>Model Nos. 605244; 605272 |

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
| <br><br>D746,037<br><br>*See* Compl. Ex. R | <br>Super hot design lightweight knitting oem trail running shoes<br>Min. Order: 1200 Pairs /color/size range<br>FOB Price: US $ 6 - 10 / Pair |
| <br><br>TM Reg. Nos. 977,190, 1,323,342; 1,323,343<br>*See* Compl. Exs. S; U; V | <br>Excellent selling lace-up casual flat sole |

| Table 3: EXAMPLE INFRINGEMENTS | |
|---|---|
| **NIKE's Asserted Patent/Trademark** | **Jialaimeng's Infringing Shoes** |
| <br><br>TM Reg. Nos. 977,190, 1,323,342; 1,323,343<br>*See* Compl. Exs. S; U; V | <br><br>Model No. 605397 |
| "NIKE"<br>TM Reg. No. 1,214,930<br>*See* Compl. Ex. T<br><br>"NIKEFREE"<br>3,087,455<br>*See* Compl. Ex. W<br><br>"NIKE FREE"<br>3,192,901<br>*See* Compl. Ex. X |  |

27.     On information and belief, Jialaimeng knew of the NIKE Design Patents and NIKE Trademarks before it began making, using, offering to sell, promoting, distributing, selling, and/or importing Infringing Shoes into the United States.

28.     On information and belief, Jialaimeng continued making, using, offering to sell, promoting, distributing, selling, and/or importing Infringing Shoes into the United States with knowledge of the NIKE Design Patents and the NIKE Trademarks and after NIKE provided Jialaimeng notice of its infringements.

29.     Jialaimeng's knowing and repeated infringements of the NIKE Design Patents and the NIKE Trademarks has been and continues to be intentional and willful.

## COUNT I:

### PATENT INFRINGEMENT

30.     NIKE re-alleges each and every allegation set forth in paragraphs 1 through 29 above, inclusive, and incorporates them by reference herein.

31.     Jialaimeng has made, used, offered to sell, sold, and/or imported into the United States, and still is making, using, offering to sell, selling, and/or importing into the United States, shoes having designs that infringe NIKE Design Patents without NIKE's authorization.

32.     Jialaimeng's infringements have been intentional and willful, making this an exceptional case.

33.     NIKE has been and will continue to be irreparably harmed by Jialaimeng's infringements of the NIKE Design Patents.

## COUNT II:

### TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT

34.     NIKE re-alleges each and every allegation set forth in paragraphs 1 through 33 above, inclusive, and incorporates them by reference herein.

35.     Jialaimeng has knowingly used and continues to use in commerce the NIKE Trademarks, including reproductions, copies, or colorable imitations thereof, in connection with shoes Jialaimeng manufactures, advertises, promotes, and sells in the United States.  Jialaimeng has used the NIKE Trademarks with the knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off NIKE's fame and the registered NIKE Trademarks.

36.     NIKE has given notice of its registrations and claimed trademark rights pursuant to section 29 of the Lanham Act, 15 U.S.C. § 1111.  Nevertheless, Jialaimeng continues to use the NIKE Trademarks.

37.     Jialaimeng's use of the NIKE Trademarks (A) constitutes trademark infringement, (B) is likely to confuse, mislead, or deceive customers, purchasers, and members of the general

18

public as to the origin, source, sponsorship, or affiliation of Jialaimeng and NIKE and/or Jialaimeng's products and NIKE's products, and (C) is likely to cause such people to believe in error that Jialaimeng's products have been authorized, sponsored, approved, endorsed, or licensed by NIKE or that Jialaimeng is in some way affiliated with NIKE.

38.    NIKE has no control over the nature and quality of the goods or services Jialaimeng offers, and NIKE's reputation and goodwill will be damaged – and the value of the NIKE Trademarks jeopardized – by Jialaimeng's continued use of the NIKE Trademarks and colorable imitations thereof.  Because of the likelihood of confusion between Jialaimeng's designs and the NIKE Trademarks, any defects, objections, or faults found with Jialaimeng's products will negatively reflect upon and injure the reputation that NIKE has established for the products and services it offers in connection with the NIKE Trademarks.  As such, Jialaimeng is liable to NIKE for infringement of its registered marks under 15 U.S.C. §1114.

39.    Jialaimeng's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to NIKE's trademarks, business, reputation, and goodwill.  NIKE have no adequate remedy at law as monetary damages are inadequate to compensate NIKE for the injuries caused by Jialaimeng.

40.    As a direct and proximate result of Jialaimeng's conduct, NIKE has suffered damages to the valuable NIKE Trademarks, and other damages in an amount to be proved at trial.

41.    Jialaimeng's infringement of NIKE's registered trademarks is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the NIKE Trademarks, and an exceptional case within the meaning of 15 U.S.C. § 1117(a).

42.    NIKE is entitled to injunctive relief, a seizure order, and NIKE is also entitled to recover Jialaimeng's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III:

### FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

43.     NIKE re-alleges each and every allegation set forth in paragraphs 1 through 42 above, inclusive, and incorporates them by reference herein.

44.     Jialaimeng's use, promotion, offers to sell, sale, and/or importation of Infringing Shoes violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     The NIKE Trademarks are federally registered, and are entitled to protection under both federal and common law.  NIKE has extensively and continuously promoted and used the NIKE Trademarks for many decades in the United States and worldwide.  Through that extensive and continuous use, the NIKE Trademarks have become famous and well-known indicators of the origin and quality of NIKE footwear.

46.     Jialaimeng's use of colorable imitations of the NIKE Trademarks constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Shoes by creating the false and misleading impression that the Infringing Shoes are manufactured by, authorized by, or otherwise associated with NIKE.

47.     Jialaimeng's use of colorable imitations of the NIKE Trademarks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the NIKE Trademarks.

48.     On information and belief, Jialaimeng's use of colorable imitations of the NIKE Trademarks has been intentional and willful.  Jialaimeng's bad faith is evidenced at least by the identical similarity of the Infringing Shoes to the NIKE Trademarks as well as by Jialaimeng's refusal to acknowledge or abide by NIKE's infringement notices.

49.     NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Jialaimeng's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT IV:

## DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT

50.     NIKE re-alleges each and every allegation set forth in paragraphs 1 through 49

above, inclusive, and incorporates them by reference herein.

51.     The NIKE Trademarks have become famous throughout the United States as a result of the duration, extent, and geographical reach of advertising and publicity, the amount, volume, and geographical extent of NIKE's sales and trading areas, their channels of trade, their degree of recognition, and registration of the marks.

52.     The NIKE Trademarks became famous before Defendants used the marks.

53.     Because NIKE's products bearing the NIKE Trademarks have gained a reputation synonymous with fashion, quality, styling, and authenticity, the NIKE Trademarks have gained substantial renown.

54.     Jialaimeng has used and continues to use in commerce the NIKE Trademarks in connection with the advertisement, promotion, and sale of Jialaimeng's products.

55.     Jialaimeng's use of the NIKE Trademarks, and colorable imitations thereof, is likely to cause, has caused, and continues to cause irreparable injury to and dilution of the distinctive quality of the NIKE Trademarks in violation of NIKE's rights under 15 U.S.C. § 1125(c).  Jialaimeng's wrongful use of the NIKE Trademarks is likely to cause dilution by blurring and the whittling away of the distinctiveness and fame of the NIKE Trademarks.

56.     Jialaimeng's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to NIKE's trademarks, business, reputation, and goodwill.  NIKE has no adequate remedy at law because monetary damages are inadequate to compensate for the injuries Jialaimeng is causing.

57.     As a direct and proximate result of Jialaimeng's conduct, NIKE has suffered damages to the valuable NIKE Trademarks, and other damages in an amount to be proved at trial.

58.     Jialaimeng's wrongful use of the NIKE Trademarks is deliberate, and constitutes a willful intent to trade on the recognition of the NIKE Trademarks, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

59.     NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Jialaimeng's profits, actual damages, enhanced profits and damages, costs, and reasonable

attorney fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**COUNT V:**

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

60.   NIKE re-alleges each and every allegation set forth in paragraphs 1 through 59 above, inclusive, and incorporates them by reference herein.

61.   NIKE was the first to use the NIKE Trademarks.  As a result of NIKE's continuous promotion and sales of products bearing the NIKE Trademarks for many decades, the NIKE Trademarks have become widely known, and NIKE has been identified in the public mind as the manufacturer of the products to which the NIKE Trademarks are applied.

62.   As a result of the experience, care, and service of NIKE in producing the products to which the NIKE Trademarks are applied, these products have become widely known and have acquired a worldwide reputation for fashion, quality, styling, and authenticity.  Moreover, the NIKE Trademarks have come to symbolize NIKE's reputation for quality and excellence.

63.   Jialaimeng, with knowledge of and with intentional disregard of NIKE's rights, continues to advertise, promote, and sell products using the NIKE Trademarks, or colorable and confusing imitations thereof.  Jialaimeng's acts are likely to cause, have caused, and will continue to cause confusion as to the source and/or sponsorship of NIKE's products and services.

64.   Jialaimeng's acts alleged herein and specifically, without limitation, Jialaimeng's use, manufacture, promotion, offers to sell, selling, and/or importing into the United States numerous products that are confusingly similar to products bearing the NIKE Trademarks, infringe NIKE's exclusive trademark rights in violation of the common law.

65.   Jialaimeng's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to NIKE's trademarks, business, reputation, and goodwill.  NIKE has no adequate remedy at law because monetary damages are inadequate to compensate NIKE for the injuries caused by Jialaimeng.

66.   On information and belief, Jialaimeng's use of colorable imitations of the NIKE Trademarks has been intentional and willful.  Jialaimeng's bad faith is evidenced at least by the similarity of the Infringing Shoes to the NIKE Trademarks.

67.     NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Jialaimeng's profits, actual damages, punitive damages, costs, and reasonable attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, NIKE respectfully prays for:

A.     Judgment that Jialaimeng  has (i) willfully infringed the NIKE Design Patents in violation of 35 U.S.C. §§ 271 (a), (ii) willfully infringed the NIKE Trademarks in violation of §1114 of Title 15 in the United States Code, (iii) willfully used false designations of origin/unfair competition in violation of § 1125(a) of Title 15 in the United States Code, (iv) willfully diluted the NIKE Trademarks in violation of § 1125(c) of Title 15 in the United States Code, and (v) willfully violated NIKE's common law rights in the NIKE Trademarks;

B.     A preliminary and permanent injunction against further infringement, direct and indirect, of the NIKE Design Patents and colorable imitations thereof by Jialaimeng, its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with any of them;

C.     A preliminary and permanent injunction against further infringement, false designation of origin, unfair competition, and dilution of the NIKE Trademarks by Jialaimeng, its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with any of them;

D.     An order directing the destruction of all Infringing Shoes, or any other products that use a copy, reproduction, or colorable imitation of the NIKE Trademarks in Jialaimeng's possession or control, including the destruction of all advertising materials related to the Infringing Shoes in Jialaimeng's possession or control, including on the Internet;

E.     An award of damages adequate to compensate NIKE for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Jialaimeng's willful patent infringement, or an award of Jialaimeng's profits from their infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs;

F.     An assessment of costs, including reasonable attorney fees and expenses, pursuant to 35 U.S.C. § 285, with prejudgment interest;

23

G.      An award of Jialaimeng's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117 for Jialaimeng's trademark infringements and dilution; and

H.      Such other and further relief as this Court deems just and proper.

## IV. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, NIKE hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: February 22, 2017                      Respectfully submitted,

/s/ Jonathan W. Fountain
Michael J. McCue (Nevada Bar No. 6055)
*MMcCue@LRLaw.com*
Jonathan W. Fountain (Nevada Bar No. 10351)
*JFountain@LRLaw.com*
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8224
Facsimile: (702) 949-8363

Christopher J. Renk
Erik S. Maurer
Michael J. Harris
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Attorneys for Plaintiff,
NIKE, Inc.

## CERTIFICATE OF SERVICE

I, Erik S. Maurer, hereby certify that on February 22, 2017, I caused a copy of the

foregoing document entitled COMPLAINT along with Exhibits A-JJ, to be served as follows:

By Hand Delivery To:                                By International Federal Express:

Fujian Jialaimeng Shoes Co., Ltd. and               Fujian Jialaimeng Shoes Co., Ltd. and
Daeast-Asia (Fujian) Sports Production Co.,          Daeast-Asia (Fujian) Sports Production Co.,
Ltd.                                                Ltd.
World Shoe Association Tradeshow                     184 Xiadai Yangdai
Booth # 92409 and 92509                             Chendai, Jinjiang
Las Vegas Convention Center                         Quanzhou, Fujian 362211
3150 Paradise Road                                  China
Las Vegas, Nevada 89109

Dated: this 22nd day of February, 2017.

/s/ Erik S, Maurer
Erik S. Maurer