Erik S. Maurer
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
E-mail: emaurer@bannerwitcoff.com

*Attorneys for Plaintiff, NIKE, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FUJIAN JIALAIMENG SHOES CO., LTD. <br><br> and <br><br> DAEAST-ASIA (FUJIAN) SPORTS PRODUCTION CO., LTD., <br><br> Defendants. | Case No. 2:17-cv-00516-GMN-GWF <br><br> **ERIK S. MAURER'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF NIKE, INC.** |

Pursuant to District of Nevada Local Rule LR IA 11-6(b) and Rule 1.16 of the Nevada Rules of Professional Conduct, I, Erik S. Maurer, hereby move the Court for entry of an order: (1) granting leave for me to withdraw from representing Plaintiff NIKE, Inc. and (2) directing the Clerk of the Court to remove me from the CM/ECF service list for this case.

## **LEGAL STANDARDS**

District of Nevada Local Rule LR IA 11-6 provides in pertinent part:

(b) No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.

(c) A stipulation to substitute attorneys must be signed by the attorneys and the represented client and be approved by the court. Except where accompanied by a request for relief under subsection (e) of this rule, the attorney's signature on a stipulation to substitute the attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, trial, or hearings, by the discovery plan or any court order.

* * *

(e) Except for good cause shown, no withdrawal or substitution will be

approved if it will result in delay of discovery, the trial, or any hearing in the case. . . .

In addition, Rule 1.16 of the Nevada Rules of Professional Conduct provides that a lawyer may withdraw from representing a client if, among other things, withdrawal can be accomplished without material adverse effect on the interests of the client or other good cause for withdrawal exists and the attorney complies with applicable law requiring notice to or permission of the Court when terminating representation.

## **ARGUMENT**

The Court should grant leave to withdraw because the legal standards for withdrawal are easily satisfied. First, going forward, I will no longer be personally involved in the case but my colleagues Christopher J. Renk, Michael J. Harris, and Kurt C. Riester at Banner & Witcoff will continue as NIKE, Inc.'s lead counsel and Michael J. McCue as NIKE's local counsel. Second, with respect to LR IA 11-6(b), notice of my intent to withdraw as counsel of record for the case has been served on NIKE, Inc. through lead counsel and this motion has been served on all parties of record. Third, with respect to LR IA 11-6(e), no delay of discovery, trial, or any hearing in the case will result. Fourth, with respect to Nevada Rule of Professional Conduct 1.16(b)(1), adequate grounds for withdrawal exist because withdrawal can be accomplished without material adverse effect since NIKE, Inc.'s principal lead and local counsel are continuing to represent NIKE, Inc. Fourth, Rule 1.16(c) is satisfied because, through this motion, I am complying with the Court's rules and procedures for withdrawal. Fifth, Rule 1.16(d) is satisfied because, again, NIKE, Inc.'s principal lead and local counsel are continuing to represent NIKE, Inc.

///

////

///

3

106073529_1

# **CONCLUSION**

For the foregoing reasons, the Court should enter an order: (1) granting me leave to withdraw as counsel for NIKE, Inc.; and (2) directing the Clerk of the Court to remove me from the CM/ECF service list for this case.

Dated: September 20, 2018

Respectfully submitted,

/s/ Erik S. Maurer
Erik S. Maurer
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Attorneys for Plaintiff,
NIKE, Inc.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 9/21/2018

4

106073529_1