UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FUJIAN JIALAIMENG SHOES CO., LTD, *et al.*, <br><br> Defendants. | Case No. 2:17-cv-00516-GMN-GWF <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) (ECF No. 30), filed on July 10, 2018. No response to the motion was filed. This proceeding is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

**BACKGROUND**

On February 22, 2017, Plaintiff filed its complaint (ECF No. 1) alleging claims of patent infringement, trademark infringement, false designation of origin/unfair competition, dilution under the Lanham Act, and common law trademark infringement against Defendants. On March 2, 2017, Plaintiff filed a certificate of service (ECF No. 15) of the complaint, summonses, and other pleadings such as Plaintiff's motion for entry of a temporary restraining order on Defendants Fujian Jialameng Shoes Co., Ltd. and Daeast-Asia Sports Production Co., Ltd. Defendants did not file a responsive pleading. On May 5, 2017, the Clerk of the Court entered default against Defendants. ECF No. 28. Based on Defendant's failure to answer or otherwise respond, Plaintiffs now seek a default judgment against Defendants.

. . .

. . .

1

# DISCUSSION

## I. Adequacy of Service of Process

As a preliminary matter, a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal action. According to Rule 4, an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). A corporation, partnership, or association may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, the executed summonses indicate that a process server served the complaint and summonses on Defendant Fujian Jialameng Shoes Co., Ltd. and Defendant Daeast-Asia Sports Production Co., Ltd. via their agents on February 22, 2017. *See* ECF No. 15. Therefore, service of process on Defendants was adequate.

## II. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step procedure for obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk of the court must enter default against the party. Fed. R. Civ. P. 55(a). Second, the party seeking default judgment must then petition the district court for entry of a default judgment. Fed. R. Civ. 55(b)(2).

The grant or denial of a motion for the entry of default judgment is within the discretion of the district court. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev. 2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2)

the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See, e.g., TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp. 3d at 1317. "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(c). The Clerk entered default against Defendants on May 5, 2017. *See* ECF No. 28. Thus, the Court will evaluate the *Eitel* factors.

**A.     Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. 782 F.2d at 1471. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The standard is whether plaintiff's ability to pursue the claim will be hindered. *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Defendants have failed to appear since being served. As a result, Plaintiffs "will likely be without other recourse for recovery" if default judgment is not entered in their favor. *Liberty Ins.*, 53 F. Supp. 3d at 1318 (quoting *Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). In addition, by failing to answer or otherwise respond to the complaint, Defendants are deemed to have admitted the truth of Plaintiff's averments as to liability. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Therefore, the Court finds that this factor weighs in favor of entry of default judgment.

**B.     Merits of the Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule

8(a). 782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177. As discussed below, the second and third *Eitel* factors weigh in favor or entering default against Defendants.

Plaintiffs' Complaint alleges claims for patent infringement, trademark infringement under §32(1) of the Lanham Act, false designation of origin/unfair competition under § 43(a) of the Lanham Act, dilution under § 43(c) of the Lanham Act, and common law trademark infringement. *See Complaint* (ECF No. 1). These are claims upon which relief can be granted, and Plaintiffs have sufficiently pled these claims to fulfill the requirements of Federal Rule of Civil Procedure 8. Plaintiffs' Complaint is well pled as it identifies the defendants, enumerates Plaintiffs' rights in its trademarks, provides examples and describes steps taken by Defendants to infringe upon its trademarks, and sets forth causes of action for Defendants' conduct.

### i. Patent Infringement

Establishing a claim for patent infringement is a two-step process. *Halo Elecs., Inc. v. Pulse Eng'g,* 810 F.Supp.2d 1173, 1183 (D.Nev.2011). The court must first interpret the meaning and the scope of the patent claim and second, the alleged infringing device must be compared to the claim. *Id.* Plaintiffs have identified and provided copies of their design patents and alleged that Defendants have made, used, and sold shoes that are the same or substantially similar to designs covered by Plaintiffs' patents. Therefore, Plaintiffs have alleged sufficient facts to support a default judgment on its patent infringement claim. *See Gordon v. Me & You, Inc.*, 2014 WL 2770290, at *3 (D. Nev. June 18, 2014); *see also Robert Bosch LLC v. Juijiang Yada Traffic Equip. Co.,* No. 2:10–cv–1926, 2011 WL 1322534, at *3 (D.Nev. Apr. 4, 2011).

### ii. Trademark Infringement and False Designation of Origin/Unfair Competition under § 43(a) of the Lanham Act

To establish a trademark infringement claim and unfair competition claims under the Lanham Act, Plaintiffs must show that Defendants used Plaintiffs' registered marks "in connection with the sale, offering for sale, distribution, or advertising of any goods or service." 15 U.S.C. § 1114(1)(a). *See also Toyo Tire & Rubber Co. v. Toyama Tyre Corp.*, 2014 WL 12717871, at *3 (D. Nev. July 30, 2014), report and recommendation adopted, 2017 WL 3087247 (D. Nev. July 20, 2017). Plaintiffs must show that (1) it is the owner of a valid protectable mark, and

4

1  (2) Defendants are using a confusingly similar mark that is likely to cause deception concerning the origin of the goods. *SATA GmbH & Co. KG v. NingBo Genin Indus. Co.*, 2017 WL 6003055, at *2 (D. Nev. Dec. 4, 2017). Plaintiffs identified and provided copies of their federal trademark registrations and alleged that Defendants imported, promoted, distributed, offered to sell, and sold shoes bearing marks that are confusingly similar to and dilutive of Plaintiffs' trademarks. Plaintiffs, therefore, sufficiently pled claims for trademark infringement and unfair competition.

### iii. Dilution under the Lanham Act

"To prove a claim for dilution, a plaintiff must show (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Car-Freshner Corp. v. Valio, LLC*, 2016 WL 7246073, at *5 (D. Nev. Dec. 15, 2016) (citing *Jada Toys, Inc. v. Mattel. Inc.*, 518 F.3d 628, 634 (9th Cir. 2007)). In evaluating famousness, the Court considers the statutory factors: "(i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark; (iii) The extent of actual recognition of the mark; and (iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register." 15 U.S.C. § 1125(c)(2)(A).

Here, Plaintiffs have pled sufficient facts to establish trademark dilution in violation of the Lanham Act. Plaintiffs allege that the Nike trademarks have become famous through the United States as a result of the duration, extent, and geographical reach of advertising and publicity, the amount, volume and extent of their sales and trading areas. Plaintiffs allege that Defendants have used and continue to use their marks in commerce and that their marks were famous before Defendants used them. Plaintiffs have also established dilution by blurring and tarnishment per the statutory factors. Therefore, Plaintiffs have established trademark dilution sufficient to grant default judgment on this claim.

. . .

. . .

### iv. Common Law Trademark Infringement

The standard for common law infringement mirrors that for federal trademark infringement under the Lanham Act. *Car-Freshner Corp. v. Valio, LLC*, 2016 WL 7246073, at *7 (D. Nev. Dec. 15, 2016) (citing *A.L.M.N. Inc. v. Rosoff*, 757 P.2d 1319, 1321 (Nev. 1988)). The Court, therefore, incorporates its analysis and findings as to federal trademark infringement as to Plaintiffs' common law trademark infringement claim.

### C. Sum of Money at Stake in the Action

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved. 782 F.2d at 1472. In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. The sum of money at stake is unknown as Plaintiffs seek an award of profits from Defendants' patent infringements pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(a). As such, this factor does not weigh in favor nor against granting default judgment.

### D. Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts. 782 F.2d at 1471–72. Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default, there is no likelihood that any genuine issue of material fact exists in this case. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Defendant has not answered the Complaint, and nothing in the record indicates that any of the material facts are in dispute. Therefore, accepting the facts as stated in the Complaint as true given the sufficiency of the Complaint, this factor weighs in favor of a default judgment.

### E. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect. 782 F.2d at 1472. Plaintiffs have demonstrated that their process server properly served Defendant with the Summons and Complaint. Thus, the Court cannot conclude that the Defendants' default is due to excusable neglect. Defendants have received actual notice of this

lawsuit and there is no indication of excusable neglect. Therefore, this factor weighs in favor of entry of a default judgment.

### F. The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). Here, Plaintiffs have no opportunity to try their case on the merits when Defendants have failed to respond or otherwise defend itself in this action. Therefore, this factor weighs in favor of entry of a default judgment.

## III. Permanent Injunctive Relief

A plaintiff seeking a permanent injunction must show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *SATA GmbH & Co. KG.*, 2017 WL 6003055, at *4 (D. Nev. Dec. 4, 2017).

### A. Irreparable Harm and Insufficiency of Monetary Damages

Actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action. *Id*. The Ninth Circuit has recognized that, in trademark cases, irreparable harm may be shown through evidence of the loss of prospective customers, goodwill, or reputation. *Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001). Conclusory, factually-unsupported allegations are insufficient to establish irreparable harm. Toyo *Tire & Rubber Co. v. Kabusikiki Kaisha Tokyo Nihoon Rubber Corp,* 2015 WL 6501228, at *3 (D. Nev. Oct. 26, 2015). The Ninth Circuit has also recognized that in trademark and unfair competition cases, a permanent injunction is typically favored as the remedy of choice because "there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *SATA GmbH & Co. KG,* WL 6003055, at *5 (D. Nev. Dec. 4, 2017).

Plaintiffs argue that Defendants are evading jurisdiction in the United States and are eroding and devaluing their intellectual property rights by undermining their control of their proprietary designs. Plaintiffs have offered facts that support a finding that they have suffered irreparable harm due to a loss of control over its marks and goodwill. Plaintiffs have promoted and sold shoes and apparel since 1971 as well as have promoted and used the words "NIKE FREE" and "NIKEFREE" in connection with footwear since 2004. *See Complaint* (ECF No. 1), 4-5. Defendants do not appear to have a permanent presence in the United States and ignored Plaintiffs' intellectual property notice letters. Defendants fulfill their infringing sales orders causing damage to reputation and loss of customers, which are intangible harms not adequately compensable through monetary damages. *See* 15 U.S.C. § 1125(c)(1). Further, because Defendants do not have a presence or assets in the United States, it may prove difficult to recover a money judgment against Defendants. *See Nike, Inc. v. Fujian Bestwinn (China) Indus. Co.*, 166 F. Supp. 3d 1177, 1179 (D. Nev. 2016). Further, there is no indication that Defendants will cease their infringing activity without injunctive relief. Plaintiffs have therefore established irreparable harm and insufficiency of monetary damages.

### B.     Balance of Hardships

Defendants have failed to appear in this action and, thus, failed to assert defenses or hardship. Considering the balance of hardships and the well-pled facts accepted as true upon entry of default, Plaintiffs will continue to be harmed absent an injunction. Therefore, this factor favors injunctive relief.

### C.     Public Interest

The purpose of the Lanham Act is to protect consumers against deceptive designations of the origin of goods. In addition, the Lanham Act invokes the possibility of injunctive relief, which would serve the public interest of preventing consumer confusion or deception. *SATA GmbH & Co. KG,* WL 6003055, at *5 (D. Nev. Dec. 4, 2017) (citing *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 918 (9th Cir. 1980)). The Court finds no facts that show that an injunction here would be against the public interest. Plaintiffs, therefore, have shown that they are entitled to a permanent injunction that enjoins Defendant Jialaimeng as follows:

    i.    Jialaimeng and its officers, directors, employees, agents, and attorneys are hereby permanently enjoined from infringing the NIKE Patents identified as NIKE's U.S. Design Patent Nos. D511,884; D659,967; D666,404; D666,405; D666,406; D668,035; D673,765; D683,119; D694,499; D696,849; D701,689; D710,579; D711,081; D713,627; D721,474; D723,772; D725,356; and D746,037 (collectively, the "NIKE Design Patents"), including but not limited to, making, using, offering to sell, selling, or importing into the United States shoe designs covered by the patents enumerated above, such products specifically including but not limited to models identified by Jialaimeng as: 314354, 60592, 605126, 605184, 605193, 605244, and 605272, as well as colorable imitations thereof, pursuant to 35 U.S.C. § 283 and Rule 65(d), Fed. R. Civ. P.

    ii.    Jialaimeng and its officers, directors, employees, agents, and attorneys are hereby permanently enjoined from further using false designations of origin and from infringing and diluting the NIKE Trademarks, including making, using, offering to sell, selling, distributing, advertising, promoting, or importing into the United States shoes bearing designs that are confusingly similar to the designs of the NIKE Trademarks, such products specifically including but not limited to the model identified by Jialaimeng as 605397, as well as colorable imitations thereof, pursuant to 15 U.S.C. § 1116 and Rule 65(d), Fed. R. Civ. P.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' service of process on Defendants was adequate. On May 5, 2017, the Clerk of the Court entered default against Defendants. *See* Clerk's Entry of Default (ECF No. 28). Weighing all the *Eitel* factors, this Court finds that entry of the default judgment is appropriate. Plaintiffs have shown that it is entitled to a permanent injunction according to the provisions herein. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) (ECF No. 30) be **granted** according to the provisions herein.

**IT IS FURTHER RECOMMENDED** that Defendants be permanently enjoined according to the provisions herein.

## NOTICE

Pursuant to Local Rule IB 3–2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the

. . .

. . .

9

1 failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).
2 This circuit has also held that (1) failure to file objections within the specified time and (2)
3 failure to properly address and brief the objectionable issues waives the right to appeal the
4 District Court's order and/or appeal factual issues from the order of the District Court. *Martinez*
5 *v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452,
6 454 (9th Cir. 1983).

Dated this 6th day of March, 2019.

/s/ George Foley Jr.
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE