**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NIKE, INC.,

           Plaintiff,

vs.

FUJIAN JIALAIMENG SHOES CO., LTD, *et al.*,

           Defendants.

Case No.: 2:17-cv-00516-GMN-GWF

**ORDER**

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 33), in which Magistrate Judge Foley recommends that the Motion for Default Judgment, (ECF No. 30), filed by Plaintiff Nike, Inc. ("Plaintiff") be granted. Plaintiff timely filed a limited Objection to the R&R, (ECF No. 35). For the reasons discussed below, Plaintiff's Objection is **SUSTAINED** and Judge Foley's R&R is **ACCEPTED** and **ADOPTED in part**.

# I.    BACKGROUND

Plaintiff brings this trademark infringement action against Defendants Fujian Jialaimeng Shoes Co., Ltd. and Daeast-Asia (Fujian) Sports Production Co., Ltd. (collectively "Defendants"). In light of Defendants' failure to appear in this action, Plaintiff obtained a clerk's entry of default, (ECF No. 28), and subsequently filed their Motion for Default Judgment, (ECF No. 30). Judge Foley recommends that default judgment be granted in favor of Plaintiff and against Defendants, and an injunction be issued as to Defendants. (*Id.* 9:18–22).

# II.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make

a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

## III. DISCUSSION

In its limited Objection, Plaintiff asserts that while Judge Foley found in their favor and recommends default judgment against Defendants, Judge Foley "did not appear to address all of [Plaintiff's] requests for relief." (Obj. 3:12, ECF No. 35). Specifically, Plaintiffs contend that the R&R does not address Plaintiff's requests for: (a) an award of damages adequate to compensate Plaintiff for Defendants' infringement; (b) an award of attorneys' fees and expenses; and (c) the return of the $25,000 deposit Nike tendered to secure a preliminary injunction in this case. (*Id.* 2:10–16).

Based upon this apparent omission, Plaintiff seeks the following relief form the Court: (1) adoption of the R&R to the extent is recommends entering default judgment and issuing a permanent injunction; and (2) granting Plaintiff's additional relief included in the Motion for Default Judgment. (*Id.* 4:6–10).

Upon review of Plaintiff's underlying Motion, as well as Judge Foley's R&R, the Court concludes the lack of a recommendation as to Plaintiff's other forms of requested relief was a mere oversight, and not intentional. As Plaintiff points out, the R&R's recommended permanent injunctive relief "makes clear that Defendants were not 'wrongfully enjoined,'" and thus are entitled to a return of their bond under Rule 65(c). (*Id.* 3:22–25). Additionally, the R&R expressly considers the "sum of money at stake" prong of the default-judgment factors and notes that Plaintiffs seek monetary relief. (R&R 6:8–13). The incongruity of that analysis with the non-monetary relief granted, further satisfies the Court that a full grant of Plaintiff's requested remedies was contemplated.

Judge Foley made express findings that Plaintiff has sufficiently stated claims for patent infringement, trademark infringement under §32(1) of the Lanham Act, false designation of

origin/unfair competition under § 43(a) of the Lanham Act, dilution under § 43(c) of the Lanham Act, and common law trademark infringement. (R&R 3:27–6:6). Given that Judge Foley has already considered the relevant factors supporting default judgment, and particularly made findings as the sums of money at stake, (*Id.* 6:8–13), the Court finds that Plaintiff is entitled to damages under 15 U.S.C. § 1117(a), 35 U.S.C. § 289, as well as attorneys' fees under 15 U.S.C. § 1117 and 35 U.S.C. § 285, as requested. Additionally, given Judge Foley's comprehensive analysis on the propriety of a permanent injunction—with which the Court agrees—Plaintiff is entitled to a return of its $25,000 bond.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 30), is **ACCEPTED** and **ADOPTED in part**. The order is **ACCEPTED and ADOPTED** as to Judge Foley's recommendation that Plaintiff be granted default judgment and is entitled to permanent injunctive relief against Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 30), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 35), is **SUSTAINED**. Specifically, the relief Plaintiff requested in its Motion for Default Judgment is **GRANTED** as identified below.

**IT IS FURTHER ORDERED** that judgment is entered against Jialaimeng for (i) willfully infringing NIKE's U.S. Design Patent Nos. D511,884; D659,967; D666,404; D666,405; D666,406; D668,035; D673,765; D683,119; D694,499; D696,849; D701,689; D710,579; D711,081; D713,627; D721,474; D723,772; D725,356; and D746,037 (collectively, the "NIKE Design Patents") in violation of 35 U.S.C. § 271; (ii) willfully infringing NIKE's registered trademark rights in the designs represented in U.S. Trademark Registration Nos. 977,190; 1,214,930; 1,323,342; 1,323,343; 3,087,455; and 3,192,901 (collectively, the "NIKE

Trademarks"), by selling footwear bearing copies or colorable imitations of the NIKE Trademarks in violation of § 1114 of Title 15 in the United States Code; (iii) willfully using false designations of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) willfully diluting the NIKE Trademarks in violation of § 1125(c) of Title 15 in the United States Code; and (v) willfully violating NIKE's common law rights in the NIKE Trademarks

**IT IS FURTHER ORDERED** that Jialaimeng and its officers, directors, employees, agents, and attorneys are hereby permanently enjoined from infringing the NIKE Patents identified above, including but not limited to, making, using, offering to sell, selling, or importing into the United States shoe designs covered by the patents enumerated above, such products specifically including but not limited to models identified by Jialaimeng as: 314354, 60592, 605126, 605184, 605193, 605244, and 605272, as well as colorable imitations thereof, pursuant to 35 U.S.C. § 283 and Rule 65(d), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that Jialaimeng and its officers, directors, employees, agents, and attorneys are hereby permanently enjoined from further using false designations of origin and from infringing and diluting the NIKE Trademarks, including making, using, offering to sell, selling, distributing, advertising, promoting, or importing into the United States shoes bearing designs that are confusingly similar to the designs of the NIKE Trademarks, such products specifically including but not limited to the model identified by Jialaimeng as 605397, as well as colorable imitations thereof, pursuant to 15 U.S.C. § 1116 and Rule 65(d), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that NIKE recover an award of Jialaimeng's profits from its infringements pursuant to 35 U.S.C. § 289 and 15 U.S.C. § 1117(a), in an amount to be determined, including trebling of Jialaimeng profits as a result of Jialaimeng's willful infringement pursuant to 15 U.S.C. § 1117(a).

**IT IS FURTHER ORDERED** that NIKE recover its reasonable attorneys' fees from

Jialaimeng pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117. NIKE shall file the information required by Local Rule 54-14 in support of its fee award amount within fourteen (14) days after the date of this Order.

**IT IS FURTHER ORDERED** that NIKE recover its reasonable costs from Jialaimeng pursuant to Rule 54(d), Fed. R. Civ. P. NIKE shall file a bill of costs and disbursements on the form provided by the clerk pursuant to Local Rule 54-1, no later than fourteen (14) days after the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall return the $25,000 deposit NIKE filed with this Court to secure the preliminary injunction.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over the parties to the extent necessary to enforce the terms of this Order and the injunctive relief provided herein.

**DATED** this __30__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge