# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NIKE, INC.,

        Plaintiff,

vs.

FUJIAN JIALAIMENG SHOES CO., LTD.;
DAEAST-ASIA (Fujian) SPORTS
PRODUCTION CO., LTD.,

        Defendants.

Case No.: 2:17-cv-00516-GMN-GWF

**ORDER**

Pending before the Court are Plaintiff Nike, Inc.'s ("Plaintiff's") Motion for Attorneys' Fees, (ECF No. 40), and Motion for Leave to File under Seal, (ECF No. 41). Defendants did not file responses. For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Attorneys' Fees, and **GRANTS** Plaintiff's Motion for Leave to File under Seal.

**I.   BACKGROUND**

This case concerns Defendants' infringement of various design patents and trademark rights owned by Plaintiff. (Compl. ¶¶ 5–67, ECF No. 1). During litigation, Plaintiff secured a temporary restraining order, seizure order, and preliminary injunction against Defendants. (Temporary Restraining Order, ECF No. 10); (Preliminary Injunction, ECF No. 23). At every turn, Defendants failed to appear and defend. Accordingly, Plaintiff eventually secured a default judgment against Defendants. (Default Judgment, ECF No. 37).

Plaintiff now moves for an award of attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117 based on Defendants' willful infringement of Plaintiff's intellectual property rights. (Mot. Attorneys' Fees ¶¶ 2, 7–8, ECF No. 40). Plaintiff also seeks to seal certain documents related to negotiated billing rates with its attorneys. (Mot. Seal 2:2–3, ECF No. 41).

## II. DISCUSSION

### A. Motion for Attorneys' Fees

Plaintiff seeks an award of $78,608.00 in attorneys' fees for time spent litigating this case. To support the award, Plaintiff submits an itemized time sheet showing hours billed with a short description of the work performed for each billing entry. Plaintiff also submits a declaration from counsel Kurt C. Riester, who is an attorney with the law firm of Banner & Witcoff, Ltd., explaining the expertise required to prosecute this case, the experience and reputation of Plaintiff's counsel, and the actions taken to achieve successful results. (Decl. Kurt C. Riester ¶¶ 5, 7, 10, 14, ECF No. 42).[1]

In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees. *See, e.g.*, *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community. *Id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). Further, courts use a "lodestar figure" to analyze the reasonableness of fees. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). A court arrives at the lodestar figure by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id.*

At the outset here, the hourly rates charged by Plaintiff's attorneys fall within a range routinely approved in this District. *See, e.g.*, *Wynn Resorts Holdings, LLC v. Encore Sports*

---

[1] The Court previously found that Plaintiff is entitled to attorneys' fees under 15 U.S.C. § 1117(a) and 35 U.S.C. § 285 based on Defendants' willful infringement of patents and trademarks. The Court's prior analysis needs not be repeated here, and is incorporated by reference. (*See* Order, ECF No. 36). For clarity, however, the Court notes that this case is "exceptional" for purposes of 15 U.S.C. § 1117(a) based on Defendants' admissions by default to willful infringement of Plaintiff's intellectual property rights. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir.2002) (upholding award of attorneys' fees under § 1117(a) based on a finding that defendant acted "knowingly, maliciously, and oppressively, and with intent to ... injure"); *Nutrition Distribution LLC v. Strong Supplements, LLC*, No. 2:17-cv-02603-GMN-VCF, 2018 WL 6615066, at *6 (D. Nev. Nov. 29, 2018), *report and recommendation adopted*, No. 2:17-cv-02603-GMN-VCF, 2018 WL 6606056 (D. Nev. Dec. 17, 2018) (awarding attorney's fees pursuant to § 1117(a) since the Defendant failed to appear at all.).

*Lounge*, No. 2:14-cv-1710-JAD-CWH, 2016 WL 4060305, at *1 (D. Nev. July 28, 2016). In comparison to other decisions in this District, the total fees and hours billed generally resemble those in other cases which involved similar claims. *Cf. Bird-B-Gone, Inc. v. Haierc Industry Co., Ltd.*, 2018 WL 4682320, at *5 (D. Nev. 2018) (awarding $61,406.73 in a patent-infringement suit resolved by default judgment and not involving motion practice on a temporary restraining order); *Wynn Resorts Holdings, LLC v. Encore Sports Lounge*, 2016 WL 4060305, at *2 (D. Nev. 2016) (awarding attorneys' fees of $20,234.40 in a trademark-infringement suit resolved by default judgment and with filings of only the complaint, motion of entry of clerk's default, motion for default judgment, and motion for attorneys' fees).

However, several of Plaintiff's billing entries pose concerns about reasonableness. For instance, multiple entries amounting to 7.7 hours concern a Motion for Entry of Clerk's Default. (Attorneys' Fees and Costs for Banner & Witcoff, Ltd. at 10–11, Ex. 1 to Mot. Attorneys' Fees, ECF No. 42-1) (concerning time entries of 4.9 and 0.8 hours on April 28, 2017; 0.7 hours on May 4, 2017; and 1.3 hours on June 19, 2018). The final Motion consisted of one page of substantive discussion (four sentences of argument) and a proposed order taken from the Court's website. (Mot. Entry of Clerk's Default, ECF No. 27). Further, the billing descriptions for these entries lump together separate activities, including time spent working on other motions. (*See* Attorneys' Fees and Costs for Banner & Witcoff, Ltd. at 11, Ex. 1 to Mot. Attorneys' Fees). The Court thus cannot properly evaluate the precise time spent on just the Motion for Entry of Clerk's Default; and anywhere near 7.7 hours is not reasonable for the submitted Motion.[2] A reduction of 20% from the billed amount is suitable for entries relating to the Motion for Entry of Clerk's Default. *See Nat'l Council of La Raza v. Cegavske*, No. 3:12-

---

[2] To the extent Plaintiff would claim the 7.7 hours also concerned the later-filed motion for default judgment, the Court cannot assume that fact from the billing descriptions. Moreover, entries separate from those concerning entry of default show over 9 hours spent drafting the motion for default judgment. (*See* Attorneys' Fees and Costs for Banner & Witcoff, Ltd. at 11, Ex. 1 to Mot. Attorneys' Fees).

cv-00316-MMD-VPC, 2017 WL 2683683, at *5 (D. Nev. June 21, 2017) (reducing specific entries by 20% based on a billing method that left the court unable to determine the reasonableness of time expended).

The next concerning entry occurred on March 1, 2017, where an attorney spent 4.4 hours analyzing "transcripts from prior [preliminary injunction] hearings before Judge Navarro" to prepare for the preliminary injunction hearing occurring two days later.[3] (*See* Attorneys' Fees and Costs for Banner & Witcoff, Ltd. at 9, Ex. 1 to Mot. Attorneys' Fees). Plaintiff's billing entries do not explain how these transcripts related to similar cases. Further, Plaintiff had already secured a temporary restraining order, and the analysis of transcripts came after Plaintiff's team of attorneys already spent many hours discussing strategies on presenting evidence and argument at the preliminary injunction hearing. (Temporary Restraining Order, ECF No. 10) (granted on February 22, 2017). The actual preliminary injunction hearing took only six minutes. (Min. Proceedings, ECF No. 22). While the Court appreciates preparedness and recognizes that an attorney cannot guess the duration of a hearing, 4.4 hours would not be reasonable under the circumstances here. One hour is a reasonable amount of time spent reviewing transcripts in other cases for the unopposed hearing that occurred here.

Nevertheless, after considering analogous decisions in this District, the complex nature of trademark and patent infringement cases, and the quality of work submitted in this matter earning Plaintiff's requested relief, the Court finds that most of the hours spent by Plaintiff's attorneys were reasonable (e.g., those spent securing a temporary restraining order, evaluating infringing products for seizure, indexing inventories of seized products, and securing a preliminary injunction and default judgment). Accordingly, while the Court reduces the

---

[3] While the time spent for this billing entry could have included more than just analyzing transcripts, the Court cannot assume that fact from the provided description. This entry states, "continue to prepare for the PI hearing; analyze transcripts from prior PO hearings before Judge Navarro." (*See* Attorneys' Fees and Costs for Banner & Witcoff, Ltd. at 9, Ex. 1 to Mot. Attorneys' Fees).

specific fees discussed above, it grants Plaintiff an award of attorneys' fees amounting to $76,871.20.

### B. Motion to Seal

The Court also grants Plaintiff's request to seal Exhibit 1 submitted in support of its Motion for Attorneys' Fees and portions of Kurt C. Riester's Declaration. The Exhibit and Declaration, according to Plaintiff, contain confidential negotiated billing rates which are generally not available to the public or competitors. (Mot. Seal 2:23–27, ECF No. 41); (Decl. ¶ 18). Plaintiff also claims that these documents describe the work performed by its attorneys, and thus constitute confidential information. (*Id.* 2:27–3:2). Based on Plaintiff's representations about the commercially sensitive nature of its negotiated fee arrangements, the Court finds it appropriate under the "compelling reasons" standard to seal these documents. *Mine O'Mine, Inc. v. Calmese*, No. 2:10-cv-00043-KJD, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012), *aff'd*, 489 F. App'x 175 (9th Cir. 2012) ("Because these hourly billing rates are competitively sensitive and not publicly known, it is appropriate to file them under seal.").

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees, (ECF No. 40), is **GRANTED in part** and **DENIED in part**. The Clerk of Court is instructed to enter a judgment awarding Plaintiff $76,871.20 in attorneys' fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal, (ECF No. 41), is **GRANTED**. The Unredacted Declaration of Kurt C. Riester and the attached Exhibit 1, (ECF No. 42), shall remain sealed.

**DATED** this __13__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court